[Cite as *In re Smith*, 2010-Ohio-6713.]



# Court of Claims of Ohio
## Victims of Crime Division

The Ohio Judicial Center
65 South Front Street, Fourth Floor
Columbus, OH 43215
614.387.9860 or 1.800.824.8263
www.cco.state.oh.us

IN RE: MICHAEL R. SMITH


MICHAEL R. SMITH

       Applicant


Case No. V2009-40731

Commissioners:
Karl C. Kerschner, Presiding
Randi M. Ostry
Elizabeth Luper Schuster

ORDER OF A THREE-COMMISSIONER PANEL

{1}On April 7, 2009, the applicant, Michael Smith, filed a compensation application as the result of being assaulted by inmates in the Gallia County Jail on December 31, 2008. On July 16, 2009, the Attorney General issued a finding of fact and decision denying the applicant's claim for an award of reparations pursuant to R.C. 2743.60(G), since he was serving a term of imprisonment in a detention facility at the time of his injury. On July 23, 2009, the applicant submitted a request for reconsideration asserting R.C. 2743.60(G) should not apply since he had not been convicted of or had pled guilty to an offense at the time of his assault but was in the facility as the result of a civil contempt order for failing to pay child support. On September 18, 2009, the Attorney General rendered a Final Decision finding no reason to modify its initial decision. On October 13, 2009, the applicant filed a notice of appeal from the September 18, 2009 Final Decision of the Attorney General. Hence, a hearing was held before this panel of commissioners on January 6, 2010 at 10:30 A.M.

{2}Applicant's attorney, Andrew Schabo, appeared at the hearing, while Assistant Attorney General Tyler Brown represented the state of Ohio. Prior to the

commencement of the hearing, the Attorney General stipulated that the applicant was a victim of criminally injurious conduct.

{3}The applicant asserted that Michael Smith was found in contempt of court for failure to pay child support. Consequently, he was sentenced to serve two, 30-day sentences consecutively. The applicant argues that R.C. 2743.60(G) should not apply and the applicant should be granted an award of reparations for unreimbursed expenses he incurred. The applicant asserts Mr. Smith was never convicted of anything. The Magistrate's decision which confined Mr. Smith to the Gallia County Jail was made pursuant to the Ohio Rules of Civil Procedure, not as a result of the commission of a criminal offense. Furthermore, Mr. Smith was not serving a sentence in a detention facility as stated in R.C. 2743.60(G). R.C. 2921.01(F) in pertinent part defines detention as "any public or private place used for the confinement of a person charged with or convicted of any crime in this state or another state or under the laws of the United States." In the case at bar, Mr. Smith never committed any crime. Therefore, the applicant's confinement does not meet the requirements of R.C. 2743.60(G).

{4}The Attorney General argues that the plain language of R.C. 2743.60(G) does not require the conviction of a criminal offense, but simply an offense. The Attorney General directed the panel to R.C. 2705.05(A), hearings for contempt proceeding. Under this code section the court must conduct a hearing to "determine whether the accused is guilty of the contempt charge." Accordingly, this definition conforms with the requirement contained in R.C. 2743.60(G). Also, pursuant to State ex rel. *Turner v. Albin* (1928), 118 Ohio St. 527, the Ohio Supreme Court equated being guilty of contempt with an offense. Furthermore, R.C. 2705.05(A) sets forth the monetary fines and the terms of imprisonment a court may impose for the offense of contempt.

{5}Finally, the Attorney General asserts the status of the site of the assault is not as important as the status of the applicant at the time of the assault. The Attorney General relies on a single commissioner's holding in *In re Hill*, V92-86578sc (2-28-94).

{6}In *In re Hill*, the victim suffered an assault while he was on furlough from the Mansfield Correctional Institution. A single commissioner found that even though the assault occurred off the grounds of the Mansfield Correctional Institution the victim was serving a sentence of imprisonment until he was paroled. Therefore, R.C. 2743.60(G) excluded him for eligibility. When the totality of the contempt statutes are taken into consideration coupled with the applicant's status at the time of the criminally injurious conduct, the Attorney General argues that its Final Decision should be affirmed. Whereupon, the case was concluded.

{7}R.C. 2743.60(G) states:

"(G) The attorney general, a panel of commissioners, or a judge of the court of claims shall not make an award of reparations to a claimant if the criminally injurious conduct that caused the injury or death that is the subject of the claim occurred to a victim who was an adult and while the victim, after being convicted of or pleading guilty to an offense, was serving a sentence of imprisonment in any detention facility, as defined in section 2921.01 of the Revised Code."

{8}From review of the file and with full and careful consideration of the arguments presented by the parties at the hearing, we find the applicant's claim should be denied pursuant to R.C. 2743.60(G). The applicant, in the case at bar, pursuant to R.C. 2705.05 was found guilty of the offense of civil contempt. Nothing contained in R.C. 2743.60(G) requires that the offense be criminal. Finally, the applicant was assaulted in a detention facility, Gallia County Jail, as defined in R.C. 2921.01. The applicant was confined in that facility as the result of being found guilty of the offense of civil contempt by the Gallia County Court of Common Pleas, General Division. Therefore, the September 18, 2009 Final Decision of the Attorney General is affirmed.

IT IS THEREFORE ORDERED THAT

{9}1)    The September 18, 2009 decision of the Attorney General is AFFIRMED;

{10}2)   This claim is DENIED and judgment is rendered for the state of Ohio;

{11}3)    The January 4, 2010 motion for telephone testimony is hereby GRANTED;

{12}4)   Costs are assumed by the court of claims victims of crime fund.

_____
KARL C. KERSCHNER
Presiding Commissioner

_____
RANDI M. OSTRY
Commissioner

_____
ELIZABETH LUPER SCHUSTER
Commissioner

ID #I:\Victim Decisions to SC Reporter\Panel Decisions\2010\Jan - Aug 2010\V2009-40731.wpd\DRB-tad

A copy of the foregoing was personally served upon the Attorney General and sent by regular mail to Gallia County Prosecuting Attorney and to:

Filed 2-24-10
Jr. Vol. 2274, Pgs. 184-187
Sent to S.C. Reporter 10-6-11